# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:17-CV-215-DSC

| | |
|---|---|
| JEFFREY A. GRAYCE,<br>    Plaintiff,<br><br>        vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social**<br>**Security Administration,**<br>    Defendant. | **MEMORANDUM AND ORDER**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>grant</u> Plaintiff's Motion for Summary Judgment; <u>deny</u> Defendant's Motion for Summary Judgment; <u>reverse</u> the Commissioner's decision; and <u>remand</u> this matter for further proceedings consistent with this Memorandum and Order.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed the present action on December 4, 2017. He assigns error to the Administrative Law Judge (ALJ)'s denial of his motion to amend his alleged onset of disability date. See Plaintiff's "Motion [with incorporated Memorandum] ..." at 1-2, 4-9 (document #12).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time prior to the expiration of his date last insured.[2] Plaintiff challenges the ALJ's denial of his motion to amend his alleged onset of disability date.

On December 5, 2013, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI"), and disabled widower benefits ("DWB"). He alleged that he was disabled due to epilepsy/seizures, headaches, multiple fractures of his left wrist with non-union, and degenerative disc disease of the lower back. (Tr. 304, 310).

Plaintiff initially alleged an onset date of January 30, 2010. His date last insured for DIB was December 31, 2011. His date last insured for DWB was February 28, 2014.

At the hearing, Plaintiff moved to amend his alleged onset date to February 1, 2014. (Tr.

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

29-31). Counsel explained that there was a medical record showing that Plaintiff's seizures had temporarily been controlled by medication, but a later record from March 3, 2014 showed that was no longer the case. (Tr. 30-31, 437-38). Accordingly, Plaintiff sought to amend his alleged onset date to February 1, 2014 – a date after the record showing the seizures were controlled, but prior to the expiration of his DWB eligibility. Id.

The ALJ denied the motion to motion to amend the onset date and gave no explanation for his decision. (Tr. 76). In her brief, Defendant concedes error but argues that the error was harmless. Defendant's "Memorandum …" at 6-7 (document #15).

The ALJ's error was not harmless. The ALJ gave little weight to the Residual Functional Capacity ("RFC")[3] that was opined by Plaintiff's treating neurologist, Dr. Andrew Braunstein. The Vocational Expert (V.E.) testified that a person with that RFC would be unable to perform any job available in the national economy. (Tr. 58-59).

In explaining his treatment of Dr. Braunstein's opinion, the ALJ cited only two medical records. (Tr. 83). One of those records was from February 11, 2013, showing Plaintiff's seizures were controlled by Dilantin. (Tr. 520). This is the record that prompted Plaintiff's motion to amend his alleged onset date. (Tr. 29-31). In essence, Defendant asks the Court to reweigh the remaining evidence and/or determine what weight the ALJ would have given Dr. Braunstein's opinion if the alleged onset date had been amended. This the Court cannot do. Brown v. Colvin, 639 Fed. Appx. 921, 2016 WL 502918, *1 (4th Cir. February 9, 2016) ("Brown's medical record is not so

---

[3]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated. Further, we do not accept Brown's and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding … it was error for the district court to do so"). Instead, courts should "remand to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that … meaningful judicial review [may occur]." Id. at *2 (quoting Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) ("Just as it is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ] … it is also not our province—nor the province of the district court—to engage in these exercises in the first instance") (internal citation omitted).

Applying those legal principles to the record here, the Court concludes that this matter must be remanded for a new hearing. In ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a ruling on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #12) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #14) is **DENIED**; and the

Commissioner's decision is **REVERSED.**[4] This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

    2.    The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: July 9, 2018

David S. Cayer
United States Magistrate Judge

---

[4]In reversing the Commissioner's decision, as noted above, the Court does not forecast a ruling on the merits of Plaintiff's claim for disability. This order of "reversal" does not mandate a finding of disability on remand. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" Raney v. Berryhill, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Dong Sik Kwon v. Immigration & Naturalization Serv., 646 F.2d 909, 916 (5th Cir. 1981)); see also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so.").

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).